# 08-10054-CIV-MOORE/WHITE

FILED by _____ D.C.

AUG 01 2008

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

8.  When you have completed the form, send the original and two copies to
the
    Clerk of the United States District Court at this address:

        Clerk, United States District Court for _____
        Address
        City, State Zip Code

9.  CAUTION: You must include in this motion all the grounds for relief
from
    the conviction or sentence that you challenge. And you must state the
facts
    that support each ground. If you fail to set forth all the grounds in
this
    motion, you may be barred from presenting additional grounds at a later
    date.

10. CAPITAL CASES: If you are under a sentence of death, you are entitled
to
    the assistance of counsel and should request the appointment of
counsel.

            MOTION UNDER 28 U.S.C. $ 2255 TO VACATE, SET ASIDE, OR CORRECT
                    SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District FLORIDA |
|---|---|

| Name (under which you were convicted): | Docket or Case No: |
|---|---|
| ELOY   RIVERO | 06-10006-CR-KMM |

| Place of Confinement: FCC YAZOO CITY MEDIUM | Prisoner No.: |
|---|---|
| P.O. BOX 5888, YAZOO CITY, MS 39194 | 64764-004 |

UNITED STATES OF AMERICA                    Movant (include the name
under
                                                which you were
convicted)

                                v.    ELOY RIVERO

                            MOTION

1.  (a) Name and location of court that entered the judgment of conviction
you
    are challenging:    THE UNITED STATES DISTRICT COURT

USCSRULE                                2                    2255/ KW

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

cat/div
Case # 08-CV-10054
Judge KMM Mag THW
Motn Ifp _____ Fee pd $ _____
Receipt # _____

FOR THE SOUTHERN DISTRICT OF FLORIDA

    (b) Criminal docket or case number (if you know): 06-10006-CR-MOORE

2. (a) Date of judgment of conviction (if you know): APRIL 3, 2006

    (b) Date of sentencing: JULY 10, 2006

3. Length of sentence:
  (1) COUNT(S) 1,2 IMPRISONMENT FOR A TERM OF 60 MONTHS TO CONSECUTIVELY

4. Nature of crime (all counts):

   18 U.S.C. § 111(b), 8 U.S.C. § 1324 (a)(A)(iv)

5. (a) What was your plea? (Check one)
    (1) Not guilty [ ]  (2) Guilty [X]  (3) Nolo contendere (no contest)
[ ]

   (b) If you entered a guilty plea to one count or indictment, and a not
  guilty plea to another count or indictment, what did you plead guilty to and
  what did you plead not guilty to?

  GUILTY PLEA ON COUNT 1 AND 2, COUNT 3 WAS DISMISSED

6. If you went to trial, what kind of trial did you have? (Check one)
    Jury [ ]  Judge only [X]

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
    Yes [ ]  No [X]

8. Did you appeal from the judgment of conviction?  Yes [X]  No [ ]

9. If you did appeal, answer the following:

  (a) Name of court:
UNITED STATES DISTRICT COURT OF APPEALS 11th CIRCUIT

USCSRULE             3

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(b) Docket or case number (if you know):
06-14030-E

(c) Result:
        DENIED

(d) Date of result (if you know):
ON OR ABOUT MAY 1, 2007

(e) Citation to the case (if you know):
N/A

(f) Grounds raised:
SEE STATEMENT OF ISSUES ATTACHED ON SEPERATE SHEET




(g) Did you file a petition for certiorari in the United States Supreme
Court?  Yes [X]  No [ ]

    If yes, answer the following:

    (1) Docket or case number (if you know):
No. 07-6212

    (2) Result:
            DENIED


    (3) Date of result (if you know):
JUNE 23, 2008

    (4) Citation to the case (if you know):
    N/A

    (5) Grounds raised:
                N/A




10. Other than the direct appeals listed above, have you previously filed
any

USCSRULE                         4

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

other motions, petitions, or applications concerning this judgment of conviction in any court?  Yes [ ]  No [ ]

11. If your answer to Question 10 was "Yes," give the following information:

(a)(1) Name of court:

_____

(2) Docket or case number (if you know):

_____

(3) Date of filing (if you know):

_____

(4) Nature of the proceeding:

_____

(5) Grounds raised:

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion,
petition, or application?  Yes [ ]  No [ ]

(7) Result:

_____

(8) Date of result (if you know):

_____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

_____

(2) Docket or case number (if you know):

_____

(3) Date of filing (if you know):

_____

(4) Nature of the proceeding:

_____

USCSRULE                              5

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

      (5) Grounds raised:

_____

_____

_____

_____

_____

      (6) Did you receive a hearing where evidence was given on your motion,

      petition, or application?  Yes [ ]  No [ ]

      (7) Result:

_____

      (8) Date of result (if you know):

_____

    (c) Did you appeal to a federal appellate court having jurisdiction over

    the action taken on your motion, petition, or application?

      (1) First petition:    Yes [ ]  No [ ]
      (2) Second petition:   Yes [ ]  No [ ]
      (3) Third petition:    Yes [ ]  No [ ]

    (d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12. For this motion, state every ground on which you claim that you are being

    held in violation of the Constitution, laws, or treaties of the United
    States. Attach additional pages if you have more than four grounds. State

    the facts supporting each ground.

GROUND ONE:
      MY TRIAL COUNSEL RICARDO P. HERMIDA WAS
INEFFECTIVE FOR THE FOLLOWING REASONS:
___

(a) Supporting facts (Do not argue or cite law. Just state the specific facts
that support your claim.):
          SEE EXHIBIT "A" ATTACHED

_____

USCSRULE                              6

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue? Yes [ ]  No [X]

    (2) If you did not raise this issue in your direct appeal, explain why:

<u>BECAUSE MY APPELLENT COUNSEL "GUSTAVO J. GARCIA-MONTES" AT NO TIME CONSULTED WITH ME ON ISSUES HE WAS SUBMITTING TO THE COURT OF APPEALS.</u>

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or

        application? Yes [ ]  No [X]

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    _____

    Name and location of the court where the motion or petition was filed:

    _____

    Docket or case number (if you know):

    _____

    Date of the court's decision:

    _____

    Result (attach a copy of the court's opinion or order, if available):

    _____

    (3) Did you receive a hearing on your motion, petition, or application? Yes [ ]  No [ ]

    (4) Did you appeal from the denial of your motion, petition, or application? Yes [ ]  No [ ]

    (5) If your answer to Question (c)(4) is "Yes," did you raise this

USCSRULE                   7

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

issue
in the appeal?  Yes [ ]  No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

_____

Docket or case number (if you know):

_____

Date of the court's decision:

_____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No,"
explain
why you did not appeal or raise this issue:

_____

_____

_____

_____

GROUND TWO:
THE GOVERNMENT [PROSECUTOR BENJAMIN DANIEL]
BREACHED PLEA AGREEMENT FOR THE FOLLOWING REASONS:
___

(a) Supporting facts (Do not argue or cite law. Just state the specific
facts
that support your claim.):
SEE EXHIBIT "B" ATTACHED
_____
___
_____
___
_____
___
_____
___
_____
___

(b) Direct Appeal of Ground Two:

USCSRULE                         8

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

(1) If you appealed from the judgment of conviction, did you raise this issue?  Yes [ ]   No [X]

(2) If you did not raise this issue in your direct appeal, explain why:

<u>BECAUSE MY APPELLENT COUNSEL "GUSTAVO J. GARCIA-MONTES" AT NO TIME CONSULTED WITH ME ON ISSUES HE WAS SUBMITTING TO THE COURT OF APPEALS.</u>

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or

application?  Yes [ ]   No [ ]

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

_____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know):

_____

Date of the court's decision:

_____

Result (attach a copy of the court's opinion or order, if available):

____

_____

(3) Did you receive a hearing on your motion, petition, or application? Yes [ ]   No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?  Yes [ ]   No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue

in the appeal?  Yes [ ]   No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

_____

Docket or case number (if you know):

_____

USCSRULE                              9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain
why you did not appeal or raise this issue:

GROUND THREE:
DISTRICT COURT ERROR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts
that support your claim.):

SEE EXHIBIT "C" ATTACHED

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this
issue? Yes [ ]  No [x]

(2) If you did not raise this issue in your direct appeal, explain why:

BECAUSE MY APPELLENT COUNSEL "GUSTAVO J. GARCIA-MONTES" AT
NO TIME CONSULTED WITH ME ON THESE ISSUES.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition,

USCSRULE                    10

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

or
application?  Yes [ ]  No [ ]

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:
_____

Name and location of the court where the motion or petition was filed:
_____

Docket or case number (if you know):
_____

Date of the court's decision:
_____

Result (attach a copy of the court's opinion or order, if available):
____
_____

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes [ ]  No [ ]

   (4) Did you appeal from the denial of your motion, petition, or
       application?  Yes [ ]  No [ ]

   (5) If your answer to Question (c)(4) is "Yes," did you raise this
issue
       in the appeal?  Yes [ ]  No [ ]

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
_____

_____

Docket or case number (if you know):
_____

Date of the court's decision:
_____

Result (attach a copy of the court's opinion or order, if available):
____
_____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No,"
explain
     why you did not appeal or raise this issue:

USCSRULE                          11

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

_____

_____

_____

_____

GROUND FOUR:

_____

____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts
that support your claim.):

_____

_____

____

_____

____

_____

____

_____

____

(b) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this
       issue?  Yes [ ]  No [ ]

    (2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition,
or
       application?  Yes [ ]  No [ ]

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

_____

    Name and location of the court where the motion or petition was filed:

_____

USCSRULE                    12

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Docket or case number (if you know):

_____

Date of the court's decision:

_____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes [ ]  No [ ]

(4) Did you appeal from the denial of your motion, petition, or
application? Yes [ ]  No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue
in the appeal?  Yes [ ]  No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

_____

Docket or case number (if you know):

_____

Date of the court's decision:

_____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No,"
explain
why you did not appeal or raise this issue:

_____

_____

_____

_____

13. Is there any ground in this motion that you have not previously
presented
in some federal court?

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

If so, which ground or grounds have not been presented, and state your
reasons for not presenting them:

_____

_____

_____

_____

_____

14. Do you have any motion, petition,  or appeal now pending (filed and not
decided yet) in any court for the judgment you are challenging?
Yes [ ]  No [✓]

If "Yes," state the name and location of the court, the docket or case
number, the type of proceeding, and the issues raised.

_____

_____

_____

_____

_____

15. Give the name and address, if you know, of each attorney who
represented
    you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

_____

_____

    (b) At arraignment and plea:

_____

_____

    (c) At trial:

_____

_____

    (d) At sentencing:

_____

_____

    (e) On appeal:

_____

USCSRULE                              14

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

    (f) In any post-conviction proceeding:

---

    (g) On appeal from any ruling against you in a post-conviction proceeding:

---

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes [ ]  No [ ]

17. Do you have any future sentence to serve after you complete the sentence
    for the judgment that you are challenging? Yes [ ]  No [ ]

    (a) If so, give name and location of court that imposed the other sentence
    you will serve in the future:

---

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the
    future? Yes [ ]  No [ ]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as
    contained in 28 U.S.C. $ 2255 does not bar your motion.*

---

USCSRULE                          15

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

_____

_____

_____

_____

Therefore, movant asks that the Court grant the following relief:

PETITIONER REQUESTS SENTENCE BE REDUCED TO TIME SERVED AND

THAT THE PETITIONER'S SUPERVISED RELEASE BE REDUCED TO 1 YEAR

OR CONSIDER THE CONTRACT BREACHED AND RESENTENCE BY THE JUDGE
or any other relief to which movant may be entitled.

_____          Signature of Attorney (if
any)

I declare (or certify, verify, or state) under penalty of perjury that the
foregoing is true and correct and that this Motion under 28 U.S.C. $ 2255
was placed in the prison mailing system on _7- 28 - 2008_ (month, date,
year).

Executed (signed) on _7- 28 -2008_ (date).     ELOY RIVERO
                                                REG. NO. 64764-004
                                                FCC YAZOO CITY MEDIUM
                                                P.O. BOX 5888
_____                YAZOO CITY, MS   39194

                                                Signature of Movant

If the person signing is not movant, state relationship to petitioner and
explain why movant is not signing this motion.

_____

_____

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as
contained in 28 U.S.C. $ 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this
section.
  The limitation period shall run from the latest of-
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by
    governmental action in violation of the Constitution or laws of the
United
    States was removed, if the movant was prevented from making such a
motion

USCSRULE                          16

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

## STATEMENT OF ISSUES

1.   WHERE A TRIAL COURT TAKES UNDER CONSIDERATION INFORMATION PROVIDED TO THE GOVERNMENT PURSUANT TO A PROFFER AND PROTECTED UNDER THE UNITED STATES' FEDERAL SENTENCING GUIDELINES § 1B1.8, TO ENHANCE APPELLANT'S SENTENCE THREE TIMES THE RECOMMENDED AMOUNT, IS RESULTANT SENTENCE VOID?

2. WHERE A SENTENCING COURT ENHANCES A SENTENCE SOLELY ON THE BASIS OF CONDUCT ALREADY TAKEN UNDER CONSIDERATION BY THE GUIDELINES, IS THE COURT IN ESSENCE ENGAGING IN WHAT AMOUNTS TO IMPERMISSIBLE DOUBLE COUNTING?

3. WHERE A TRIAL COURT IMPOSES A SENTENCE THAT IS AN UPWARD DEPARTURE FROM THE SUGGESTED GUIDELINE RANGE BASED SOLELY ON ITS OPINION AS TO THE DANGEROUSNESS OF A PARTICULAR CONDUCT, IS THE RESULTANT SENTENCE UNREASONABLE?

4. WHERE A TRIAL COURT INTENDS IMPOSES A SENTENCE THAT IS AN UPWARD DEPARTURE WITHOUT NOTICE PURSUANT TO RULE OF CRIMINAL PROCEDURE 32(h).

## GROUND ONE :
### EXHIBIT A

(a)   BECAUSE   MR.   HERMIDA   FAILED   TO   CONDUCT   AN   INDEPENDENT INVESTIGATION;

(b) BECAUSE MR. HERMIDA FAILED TO KEEP ME APPRISED OF THE CASE AS TO DISCOVERY OF NEW AND MITIGATING EVIDENCE;

(c) BECAUSE MR. HERMIDA FAILED TO REQUEST FOR A LESSER INCLUDED OFFENSE;

(d) BECAUSE MR. HERMIDA FAILED TO INVESTIGATE AND INTERVIEW POTENTIAL ALIBI WITNESSES AT PRETRIAL HEARING;

(e) BECAUSE MR. HERMIDA FAILED TO MOVE THE COURT TO CORRECT THE SENTENCE WITHIN THE TEN DAYS.

(f) BECAUSE MR. HERMIDA AT NO TIME CHALLENGED THE ASSAULT OFFENSE NOT CHARGE IN THE COMPLAINT.

## GROUND TWO :
### EXHIBIT B

(A) BECAUSE THE GOVERNMENT DURING THE SENTENCING PHASE AT NO TIME RECOMMENDED TO THE DISTRICT COURT THAT THE SENTENCE WOULD BE IMPOSED IN CONFORMITY WITH THE FEDERAL SENTENCING GUIDELINES AS AGREED IN THE PLEA AGREEMENT, WHERE A NEW PROSECUTING ATTORNEY [JAMIE RAICH] DID NOTHING BUT STOOD MUTE TO THE AGREEMENT;

(B) BECAUSE AT NO TIME THE GOVERNMENT DURING THE SENTENCING PHASE MADE ANY RECOMMENDATION TO THE DISTRICT COURT THAT THE SENTENCE IMPOSED TO RUN CONCURRENT AS AGREED IN THE PLEA AGREEMENT;

(C) BECAUSE THE GOVERNMENT REQUESTED THAT THE DISTRICT COURT IMPOSE A TWO (2) - LEVEL ENHANCEMENT NOT INCLUDED IN THE PLEA AGREEMENT.

(D) BECAUSE THE GOVERNMENT CONTINUED TO BREACH THE PLEA AGREEMENT ON MARCH 31, 2008, WHEN IT RECOMMENDED THAT DEFENDANT'S SENTENCE BE REDUCED TO 30 PERCENT OF HIS ORIGINAL SENTENCE OF 120 MONTHS AND NOT AS AGREED UPON IN THE PLEA AGREEMENT [33-41].

(E) BECAUSE AT NO TIME DID THE GOVERMENT FILE A MOTION FOR A BOND HEARING OR REPRESENTED ANY WITNESSES AGAINST DEFENDANT AS TO SHOW THAT DEFENDANT WAS A DANGER TO THE COMMUNITY, AS GOVERNMENT'S STATEMENT AT THE INITIAL APPEARANCE HEARING. SEE ANNIA COTORRUELO MARTINEZ, MAGELIN GONZALEZ-GARCIA, YAUMARI RODRIGUEZ SUARCZ, HUMBETO OJEDA GARCIA.

## EXHIBIT C :

(A) IN DENYING BOND AT THE INITIAL APPEARANCE HEARING BECAUSE THE CRIMINAL COMPLAINT FILED WITH THE COURT CHARGING PETITIONER WITH ALIEN SMUGGLING.

(B) AND BECAUSE AT THE PLEA HEARING AT NO TIME DID PETITIONER AGREE TO PLEA GUILTY TO THE ASSAULT CHARGE AND FAIL TO HAVE A HEARING OF PETITIONER'S UNDERSTANDING OF THE CHARGES HE WAS PLEADING GUILTY TO.