```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-10054-CIV-MOORE
                         (06-10006-Cr-MOORE)
                    MAGISTRATE JUDGE P. A. WHITE
```

ELOY RIVERO,                  :

    Movant,               :

v.                            :          <u>REPORT OF</u>
                                       <u>MAGISTRATE JUDGE</u>
UNITED STATES OF AMERICA      :

    Respondent.           :
_____

This matter is before this Court upon the movant's motion to vacate filed pursuant to 28 U.S.C. §2255, attacking his convictions and sentences for assault and interfering with United States Coast Guard Officers in the performance of their duties, and the smuggling of aliens into the United States, following a guilty plea in case no. 06-10006-Cr-Moore. This motion is timely filed.

The Court has reviewed the motion with supporting memorandum, the government's response (DE#11), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

The movant raises the following claims:

<u>Claim 1</u> The movant raises multiple claims of ineffective assistance of counsel as stated below:

    a.    Counsel failed to hire a private investigator.

    b.    Counsel did not apprise the petitioner of mitigating evidence.

    c.    Counsel failed to request a lesser included offense.

d.   Counsel failed to interview potential alibi witnesses.

   e.   Counsel failed to move the Court to correct the sentence.

   f.   Counsel failed to challenge the assault offense.

Claim 2 The government breached the plea agreement as follows:

a. The Government failed to recommend a sentence within the guidelines.

b. The Government failed to recommend that the sentence imposed run concurrently as agreed in the plea agreement.

c. The Government requested a two level enhancement not included in the plea agreement.

d. The government failed to argue that the Judge should have adjusted the defendant's sentence to 30% off from his original guideline range of 33-41 months.

e. The Government failed to file a motion for a bond hearing.

Claim 3 The District Court committed plain error as follows:

a. The Court erred in denying the defendant a bond.

b. The Court received a plea from the petitioner for assault in violation of 18 U.S.C. §111 even though the defendant did not intend or agree to plead guilty to assault.

Facts and Procedure

Rivero was indicated for forcibly assaulting, resisting, opposing, impeding, intimidating and interfering with United States Coast Guard Officers, while they were engaged in the performance of their official duties on December 18, 2005, and while using a deadly weapon, to wit, a vessel, in violation of 18 U.S.C. §§111(a) and (b) (Count 1), and 21 Counts of encouraging and inducing aliens

2

to enter the United States, knowing and in reckless disregard of the fact that such entry would be in violation of the law, in violation of 8 U.S.C. §1324(a)(1)(A)(iv) (Counts 2-22). (CR DE#8).

On March 7, 2006, Rick P. Hermida, Esq. filed a notice of appearance on behalf of the petitioner. On April 3, 2006, the movant entered into a plea agreement with the government. (CR DE#20). In exchange for pleading guilty to Counts 1 and 2 of the indictment the government agreed to dismiss the remaining charges. The government agreed to recommend a three level downward department for acceptance of responsibility. Both sides agreed to recommend a sentence at the low end of the guidelines range. Rivero agreed to cooperate fully with the United States Attorney's Office and the government agreed to consider the filing of a Rule 5K1.1 or Rule 35 motion.

The movant further acknowledged in the plea agreement that his sentence would be imposed by the District Court after considering the Federal Sentencing Guidelines, but that the Court could depart from the advisory guidelines range either upward or downward. The movant acknowledged that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation. Rivero agreed to waive any constitutional challenge to the Sentencing Guidelines, and to waive trial by jury. The defendant acknowledged that he had discussed the waiver and its consequences with his attorney and that he understood the nature and consequences of the waiver.

Rivero further acknowledged that the Court could impose a sentence of up to twenty years as to Count 1, with supervised release, and a sentence of up to five years on Count 2. The

Government agreed to recommend that the sentences imposed run concurrently. The defendant agreed to waive his appellate rights pursuant to 18 U.S.C.§ 3742 to appeal his sentence, and that this waiver of his right to appeal was knowing and voluntary.

A PSI was prepared prior to sentencing. Following objections, the adjusted level of the revised PSI was a base level of 20 with a criminal history Score of 1, and an advisory guidelines range of 33-41 months. The statutory penalties were 0-20 on Count 1 and 0-10 on Count 2. He received enhancements pursuant to 3C1.2 (addendum to PSI)and 2L1.1(b)(5) (based upon his intentional or reckless creation of a substantial risk of death or serious bodily injury). He was entitled to a three point adjustment for acceptance of responsibility, upon the statement submitted on June 4, 2006,(PSI p8) in which he admitted guilt to both the smuggling and assault charges.

Rivero, represented by counsel, appeared for a Plea Colloquy before the Honorable United States District K. Michael Moore on April 3,2006. (CR DE#42) The movant acknowledged that he had a full and complete opportunity to discuss the written plea agreement with his attorney before he signed it, and that he understood the plea. The Court informed him of the maximum penalties of up to 20 years as to Count 1 and five years as to Count 2, as well as a period of supervised release. The defendant acknowledged that he understood the sentence could be different from his attorney's estimate, and that the Court had the authority to depart from the guidelines to impose a sentence more or less severe. The Court questioned the defendant as to his understanding of the waiver of his appellate rights and those rights associated with proceeding to trial, and the defendant answered all questions in the affirmative. The Court established the voluntariness of the plea as follows.

```
COURT:        Has anyone attempted in any way to force you to
              plead guilty in this case?
DEFENDANT:    No
COURT:        Are you pleading guilty of your own free will
              because you are in fact guilty
DEFENDANT:    Yes
(Tr p5)
```

The Government then proffered the following facts leading to Rivero's arrest: On or about December 18, 2005, a Coast Guard vessel, using its blue lights and siren, attempted to stop a go-fast vessel south of Key West. Commands to stop the boat were issued in English and Spanish over a loud speaker. The two males on board saw and heard the Coast Guard and ignored the command to stop. Rivero, who was driving, made multiple attempts and succeeded in ramming into the Coast Guard vessel. When the vessel stopped, Rivero jumped into the water in an unsuccessful attempt to evade capture. The boarding team discovered ten undocumented Cuban aliens inside the boat, including a child. Agents would testify that Rivero waived his rights and consented to be interviewed. He admitted it was a crime to bring aliens into the United States. Further, the government would present evidence that on February 19, 2006, Rivero and 22 Cuban nationals were discovered by the Coast Guard aboard a go-fast vessel. Rivero agreed with the government's proffer and stated that he "tried it but nothing was achieved". He entered a formal plea. The Court found the defendant competent to enter the plea, aware of the charges and consequences and that his plea was knowing and voluntary.

At sentencing (CR DE#45) the parties agreed that the advisory guideline range was 33-41 months. The Court, after hearing arguments and allocution from Rivero, who apologized for his conduct and asked for mercy, and considering the factors outlines

in 18 U.S.C. §3553(a), exercised its post <u>Booker</u>[1] discretion and sentenced Rivero to 60 month consecutive terms as to each count, as well as concurrent terms of supervised release. (CR DE#45 and CR DE#33). The Court found the government had established a factual basis for the plea, that the movant was fully competent and capable of entering an informed plea, and that he had pled guilty freely and voluntarily, with full knowledge of the probable consequences of his act and with had the aid of competent counsel. Prior to imposing sentence the Court explained the considerations for imposing a sentence outside the advisory guidelines. The Court referred to the elements in 18 U.S.C.§ 3553 and stated

> The Court notes the seriousness of the offense, not just the smuggling of the aliens into the United States and the repeated attempts and the danger it poses to them, the inherent danger in traveling in a small boat relative to the number of people that were on board. Some without adequate safety life vests, moving a child in the instance of the charged offense, and separate and apart from the danger to the Coast Guard officers who risk their lives in attempting to provide safe navigable waters and they come up with somebody like Mr. Rivero who attempts to ram the boat and inflict further harm. I don't see why they have to be exposed to that kind of treatment on the high seas, which are dangerous in and of itself. That each of those offenses deserve separate consideration and warrant a sentence about what is provided for under the guidelines.

.....

Defense counsel voiced objections, pursuant to <u>Burns v US</u>, 501 US 129 (1991), claiming that he had received no prior notice

---

[1] <u>United States v Booker</u>, 543 U.S. 220 (2005).

that the Court was going to recommend a sentence above the advisory guideline range as recommended in the PSI. The Court stated that it did not think any notice was required, but permitted counsel ten days to provide the Court with authority. No motion was filed.

The petitioner filed an appeal to the Eleventh Circuit with new counsel, contesting his sentence. The petitioner raised the issue of lack of notice of an upward departure from the guidelines, and essentially alleged that his sentence was unreasonable. The Appellate Court opined that Rivero showed no respect for the law, and affirmed the Judgement of the District Court, finding no notice was required, citing to United States v Irizarry, 458 F.3d 1208 (11 Cir.2006), and that his sentence was reasonable. United States v Rivero, 225 Fed.Appx. 813 (11 Cir. 2007).

Analysis and Law

Rivero raises multiple claims of ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, he must demonstrate that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, the result would have been different, in other words that the petitioner was prejudiced as a result of counsel's performance. Strickland v Washington, 466 U.S.668 668, 694 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot

be satisfied.  Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995).  Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985).[2]

Claim 1

The movant claims counsel was ineffective for the following

---

[2] The Eleventh Circuit reviews an attorney's performance with deference, and looks not for "what is prudent or appropriate, but only what is constitutionally compelled." Hardwick v. Crosby, 320 F.3d 1127, 1161 (11 Cir. 2003), citing Chandler v. United States, 218 F.3d 1305, 1313 (11 Cir. 2000) (en banc)(When assessing a lawyer's performance, "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment."). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." Van Poyck v. Florida Dept. of Corrections, 290 F.3d 1318, 1322 (11 Cir.), cert. den'd,___ U.S. ___, 123 S.Ct. 70 (2002), quoting, Strickland v. Washington, supra at 690. Review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992).

8

reasons; (a) that counsel failed to hire a private investigator, (b) counsel failed to apprise the petitioner of mitigating evidence, (c) counsel failed to request a lesser included offense,(d) counsel failed to interview potential alibi witnesses, (e) counsel failed to move the Court to correct the sentence, and (f) counsel failed to challenge the assault offense.

First, it should be noted that the movant waived his right to contest all nonjurisdictional defects and defenses, when he entered a knowing and voluntary guilty plea. Where a criminal defendant enters a knowing, voluntary, and intelligent plea of guilty to an offense or offenses, he waives, or more accurately, forfeits all non-jurisdictional defects and defenses. See Smith v. United States, 447 F.2d 487, 488 (5th Cir. 1971), citing, Hayes v. Smith, 447 F.2d 488 (5th Cir. 1971); see also, Wilson v. United States, 962 F.2d 966 (11th Cir. 1992); United States v. Broce, 488 U.S. 563 (1989); United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000), citing, United States v. Smallwood, 920 f.2d 1231, 1240 (5th Cir. 1991). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." Id. To enter into a voluntary plea, the defendant must understand the law in relation to the facts. McCarthy v. United States, 394 U.S. 459 (1969). In this case, the movant understood the facts and the elements of the offense upon which the charges rested. By entering a guilty plea, the movant was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case. Under these circumstances, no deficient performance or prejudice has been established and the movant is therefore entitled to no relief on the claim.

Rivero entered into a voluntary and knowing guilty plea, with the aid of counsel. To ensure that a plea is voluntary and knowing, Fed.R.Cr.P. 11(b)(1) states that "the court must address the defendant personally in open court before accepting the plea and inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant[3] is pleading." Gordon v. United States, 496 F.3d 1270, 1277 (11th Cir. 2007). The rule imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. Id. (citations omitted).

The record demonstrates that the petitioner's plea was both knowing and voluntary. The movant's statement's during the Rule 11 plea colloquy are given a strong presumption of truth. Blackledge

---

[3] Thus, "[a] court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (2005). In Moriarty, the Eleventh Circuit specifically held as follows:

> [t]o ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea, including: the right to plead not guilty (or persist in such a plea) and to be represented by counsel; the possibility of forfeiture; the court's authority to order restitution and its obligation to apply the Guidelines; and the Government's right, in a prosecution for perjury, to use against the defendant any statement that he gives under oath.

Id.

v Allison, 431 U.S. 63, 74 (1977). The district Court must rely on the plea colloquy and plea agreement to determine that the movant understood the terms and conditions of the agreement. United States v Gonzalez Mercado, 808 F.2d 796 (11 Cir. 1987).

Furthermore, the claims are without merit. There is no constitutional right to a private investigator. Failure to hire a private investigator did not amount to ineffective assistance of counsel See; United States v Schoflander, 743 F.2d 714 (9th Cir. 1984). The potential witnesses in this case were law enforcement officers and agents, and migrants who were repatriated to Cuba. (PSI¶12). Rivero cannot demonstrate that an investigator would have discovered evidence to change the outcome of this case.

The same is true for counsel's failure to examine alibi witnesses. The potential witnesses were Special agent Aaron Woods, Special Agent Greg Bender, and Alejandro Llerena- Fernandez, the defendants co-pilot. Certainly the strategic decision not to interview the agents was a wise one, as they would have not aided in his case, and in view of the overwhelming reliable eye witnesses, co-pilot Fernandez's statements would not have aided the petitioner.

Petitioner' claim that he was not apprised of mitigating evidence is also without merit. The petitioner mentions briefly "discovery of new and mitigating evidence, Criminal complaints, Indictments, Coast Guard Investigation Reports and Assault Charges" as examples of the developments in the case to which he was unaware. The petitioner stated in open Court at his change of plea that he was guilty of both counts, that his plea was voluntary that he had discussed the plea with counsel and was satisfied with counsel and understood the plea. The petitioner

further submitted a statement to the PSI adding that he was guilty of both Counts, including the assault charges. The petitioner has presented no new or mitigating evidence that he was unaware of that would challenge this plea. Conclusory allegations, bereft of record support, is subject to summary dismissal. Machibroda v United States, 368 U.S. 487 (1962).

Petitioner's claim that counsel failed to request a lesser included offense is without merit. The government was prepared to prove at trial that Rivero was guilty of forcibly assaulting, resisting, opposing and impeding, intimidating and interfering with United States Coast Guard Officers in their line of duty, and smuggling aliens into the United States. In view of the overwhelming evidence against the petitioner as to both Counts, attempts at negotiating such a plea would have been unacceptable to the government.

Rivero's claim that counsel failed to move the Court to correct his sentence is also without merit. As stated above, Counsel was permitted ten days following the sentencing hearing to provide support for the argument that the petitioner was entitled to be notified before the Court recommended a sentence outside of the guideline range entered in the PSI. The Court stated that it did not think that the petitioner was entitled to notice, but if authority was provided, the Court would hold another hearing.[6] Further, this issue was raised unsuccessfully on appeal. Therefore the petitioner has suffered no prejudice as a result of counsel not filing any supplemental authority. Counsel cannot be

---

[6] Following the sentencing hearing the Court decided United States v Irizarry, 458 F.3d 1208 (11 Cir. 2006) for the proposition that no notice was required.

considered ineffective for failing to raise non meritorious claim See: Matire v Wainright, 811 F.2d 1430 (11 Cir. 1987).

Rivero's last claim of ineffective assistance of counsel alleges counsel's failure to challenge Count 2 of the indictment of assault. This claim, again attempting to argue that he was not guilty of assault, also fails on the merits. The government proffered at the change of plea hearing that they would prove that he used a deadly and dangerous weapon, a go-fast boat to ram the Coast Guard's vessel. The defendant stated he was guilty. The evidence against him, consisting of multiple eye witnesses who were special agents was overwhelming. Further the defendant voluntarily pleaded guilty to this charge and admitted his guilt in writing. Counsel cannot be considered ineffective for failing to raise meritless challenges.

Rivero has failed to demonstrate that his claims of ineffective have any merit. Strickland, supra. Rivero was captured on the high seas with aliens in his boat. With special Coast Guard agents as reliable and credible witnesses, Rivero not only refused to obey the commands of the Coast Guard to stop, but instead rammed his boat into their vessel with intent to cause bodily harm.

Claim 2

The movant claims that the government breached the plea agreement as follows: a) the government failed to recommend a sentence within the guidelines, (b) the government failed to recommend concurrent sentences, (c) the government requested a two level enhancement not included in the plea agreement, d) the government failed to argue that his sentence should have been 30%

13

off his original guideline range and e) failed to file a motion for a bond hearing. These claims are without merit.

When a plea rests to a significant degree on a promise or agreement, that promise must be fulfilled. Santobello v NY, 404 U.S. 257 (1971). In this case, the petitioner was well informed that his sentence was to be determined by the Court and that any recommendation made by the government pursuant to the plea agreement or otherwise was not binding upon the Court. The defendant acknowledged that he may not withdraw his plea based upon his resulting sentence. The Court was advised at the change of the plea hearing of the existence of the plea agreement, and clearly stated its views as to why the sentence was an upward departure from the guidelines. The Court stated at sentencing that Rivero had no respect for the law, and that he had wilfully endangered the lives of the aliens and the coast guard officers. The Court clearly stated it deemed a sentence upward of the guidelines was called for. This sentence was upheld on appeal. The petitioner failed to establish how a verbal recommendation from the government, beyond what was contained in the plea agreement would have changed his sentence. Rivero received a downward departure as a result of his plea for acceptance of responsibility and the benefits of a Rule 35, filed by the government in return for his substantial assistance. He received the full benefit of his plea and the claims are without merit.

Claim 3

In Claim 3 Rivero alleges that the District Court erred when it a) denied him a bond, and b) received a plea from him for assault even though he did not intend to agree to plead guilty to assault. These claims were not raised on direct appeal and are

14

therefore barred. <u>United States v Frady</u>, 456 U.S. 152 (1982); <u>Parks v United States</u>, 832 F.2d 1244 (11 Cir. 1987). Further, this is another rewording of his claim that he was innocent of the assault. This is belied by the record as he pleaded guilty to the assault following a proffer from the government as to his assault and filed a statement to the PSI indicating his guilt.

The petitioner was clearly represented by competent counsel who obtained a plea which provided the petitioner with the opportunity to obtain a downward departure for acceptance of responsibility and a Rule 35 from the government for providing substantial assistance, both of which he received. The District Court, when sentencing the petitioner to an upward departure from the guidelines, found the evidence sufficient to demonstrate the seriousness of the petitioner's crimes and the need to protect the public. This finding was upheld by the Eleventh Circuit Court of Appeals. The petitioner has failed to demonstrate merit to any of the claims he has raised.

It is therefore recommended that this motion to vacate sentence be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 6th day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Eloy Rivero, <u>Pro Se</u>
    Reg. No. 64764-004
    USP-Yahoo City
    Address of Record

    Jaime Raich, AUSA
    U.S. Attorney's Office
    99 NE 4th St.
    Miami, FL 33132